HEMSLEY & COMPANY, LTD., Plaintiff, *v.* C. C. DUNCAN COMPANY, INC., COLIN C. DUNCAN and HENRIETTA F. L. DUNCAN, Defendants.

(Supreme Court, New York Special Term, January, 1917.)

Corporations — organization of — liability of directors — action by judgment creditor against domestic corporation for an accounting — Stock Corporation Law, § 29 — General Corporation Law, §§ 90, 91, 91a.

In an action by a judgment creditor of a domestic corporation for an accounting by the individual defendants of their acts as directors of the corporation it appeared that other than plaintiff it had no creditor except one of the defendants who made a claim for balance due on salary, and that he, a stockholder of the corporation, with the knowledge and consent of its board of directors, himself and wife, borrowed $5,000 of the corporation on his note, no part of which had been paid.

*Held,* that the facts brought the case within section 29 of the Stock Corporation Law, which provides that no loan of money shall be made by any stock corporation except a money corporation, or by any officer thereof out of its funds, to any stockholder therein, and that in case of violation of such provision the officers and directors assenting thereto shall be jointly and severally liable, to the extent of such loan, with interest, for all the debts of the corporation contracted before the repayment of the loan, and that plaintiff was entitled to recover as against the individual defendants the amount of the loan, with interest.

The corporation having been organized, as stated in its certificate of incorporation, to engage in and carry on the business of importing, buying and selling laces and, generally, to carry on any other business, whether manufacturing or otherwise, which might seem to the company capable of being carried on in connection therewith, had no right to purchase stocks and cotton on margin, and the individual defendants, as the only directors and stockholders of the corporation, could not lawfully, as against creditors, authorize themselves, or either of them, acting for the corporation, to use its funds in such speculations, without subjecting themselves to the risk, in the event of loss, of accountability to judgment creditors, under sections 90, 91, 91a of the General Corporation Law, for losing or wasting the property of the corporation.

The plaintiff in selling laces and nets to the corporation had the right to expect that its funds would be expended in furtherance of the prosecution of the lace business of the defendant or of some other business of similar character.

ACTION by a judgment creditor for an accounting.

Milton Mayer, for plaintiff.

Walter Carroll Low, for defendants.

GUY, J.  The action is by a judgment creditor of the defendant C. C. Duncan Company, Inc., a domestic corporation, for an accounting by the individual defendants of their acts as directors of the corpora-

tion.   Other than the plaintiff there is no creditor of
the corporation, except the defendant C. C. Duncan,
who has a claim against it for $157, balance of alleged
salary.   From the agreed statement of facts it appears
that the board of directors of the corporation consisted
of the defendant C. C. Duncan and the codefendant
Henrietta F. L. Duncan, his wife, and that on or about
January 12, 1916, the defendant Colin C. Duncan, a
stockholder of the company, with the knowledge and
consent of the board of directors, borrowed $5,000 from
the corporation upon his note, payable December 1,
1915, and that no part of the loan has been paid.   Sec-
tion 29 of the Stock Corporation Law provides that
no loan of moneys shall be made by any stock corpora-
tion, except a money corporation, or by any officer
thereof, out of its funds to any stockholder therein,
and that in case of the violation of such provision the
officers or directors making such loan or assenting
thereto shall jointly and severally be personally liable
to the extent of such loan and interest for all the debts
of the corporation contracted before the repayment of
the sum loaned.   The facts in this case clearly bring it
within the purview of the statute, and the plaintiff is
entitled, as against the individual defendants, to
recover the sum loaned, with interest.   *Nellis Co.*
v. *Nellis,* 62 Hun., 63.   It is also conceded that the
corporation was incorporated and commenced doing
business in November, 1913, and continued to be
engaged in the buying, selling and jobbing of laces and
nets until September 25, 1915; that between January
26, 1915, and October 1, 1915, the defendant C. C. Dun-
can drew from the moneys deposited in bank by the
corporation $10,365.74, and deposited the same in his
own bank account; that between said dates those
moneys were used in the buying of stocks and cotton on

margin through various brokers, and excepting the sum of $669.24 were lost in such transactions; that said transactions were carried on in the name of the defendant ·C. C. Duncan and of his daughter; that at a meeting of the board of directors and stockholders of the corporation, consisting of the defendants C. C. Duncan and Henrietta F. L. Duncan, all its directors and stockholders, the defendant C. C. Duncan was authorized to use the moneys of the company in the lace business, or in any other remunerative business, " and that all business might be done by him in the name of the company, or in his own name, or that of any other person, as he thought best, and said transactions were had in pursuance of said authorization and were subsequently ratified and confirmed by said directors and stockholders." As against plaintiff's claim that the individual defendants be required to pay over the moneys lost through the purchase of stocks and cotton on margin those defendants contend that under its charter the corporation had a right to engage in such purchases, and therefore no liability was incurred by the directors in embarking in that venture. The certificate of incorporation states that the corporation " is to be formed * * * to engage in and carry on the business of importing, buying and selling laces, * * * and generally to carry on any other business, whether manufacturing or otherwise, which may seem to the company capable of being carried · on in connection with the above." Half of the capital stock was issued for cash, and the balance for merchandise. Between December 1, 1913, and December 1, 1914, the corporation continued to engage in the lace and net business, and during that period the plaintiff sold and delivered to it laces and nets on account of which a balance of $15,-332.63 remained unpaid, which was subsequently put

in judgment, and execution thereon returned unsatisfied. In the dealings between the parties the plaintiff had a right to expect that the corporate funds would be expended in furtherance of the prosecution of the lace business of the defendant company or some other business of similar character. The general language of the certificate of incorporation did not authorize stock gambling, and the individual defendants, as the only directors and stockholders of the company, could not rightfully, as against creditors, authorize themselves or either of them, acting for the corporation, to use the corporate funds in such speculations without subjecting themselves to the risk, in the event of loss, of accountability to judgment creditors under the statute (Gen. Corp. Law, §§ 90, 91, 91-a) for losing or wasting the property of the corporation. Under the statute referred to plaintiff is entitled to the prescribed relief.

Judgment for plaintiff, with costs.